IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Basic Concepts, Inc., | ) | Case No. 8:15-cv-00570-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| ENPAC, LLC | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Basic Concepts, Inc., complaining of the defendant ENPAC, LLC, would respectfully show unto the Court:

## JURISDICTION AND PARTIES

1. This action arises out of the patent laws of the United States, more particularly 35 U.S.C. §§ 271 and 281. Jurisdiction is appropriate pursuant to 28 U.S.C. §1338, and venue is proper pursuant to 28 U.S.C. §§ 1400(a) and 1391(b) as the defendant is subject to personal jurisdiction in the State of South Carolina.

2. Plaintiff Basic Concepts, Inc. ("Basic") is a corporation organized pursuant to the laws of the State of South Carolina with a principal place of business in Anderson County, South Carolina. Basic is the assignee and owner of United States Patent No. 5,762,233 (the "'233 Patent").

3. Upon information and belief, ENPAC, LLC ("ENPAC") is a limited liability company organized pursuant to the laws of the State of Ohio with a principal place of business in Eastlake, Ohio.

1403713

4. ENPAC manufactures or causes to be manufactured, sells, offers to sell, uses, and/or imports spill containments that infringe the '233 Patent within the United States, including within this judicial district.

## FOR A FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,762,233)

5. The allegations of paragraphs 1-4 above of this Complaint are restated and reiterated as if fully set forth herein.

6. On June 9, 1998, U.S. Patent No. 5,762,233 was duly and legally issued to Edward W. Van Romer for the invention of a foldable spill container. From the issue date until January 14, 2014, Mr. Romer was the owner of the '233 Patent and the majority shareholder of Basic Concepts, Inc. A copy of the '233 Patent is attached to this Complaint as Exhibit 1.

7. On or about January 14, 2014, the '233 Patent was assigned by Mr. Van Romer to Plaintiff Basic Concepts, Inc. Basic has owned the '233 Patent, which remains in effect, at all times following such assignment.

8. From the issue date of the '233 Patent through January 14, 2014, Mr. Van Romer exclusively licensed Basic to make, use, sell and offer to sell products embodying the claims of the '233 Patent. Mr. Van Romer did not otherwise license any of his rights under the '233 Patent. Since becoming the assignee of the '233 Patent, Basic has not licensed any of its rights under the '233 Patent to any person or entity.

9. Mr. Van Romer and plaintiff Basic have complied with the statutory requirement of placing notice of the '233 Patent on all products that are manufactured, sold or offered for sale embodying claims of the '233 Patent, and Basic has expressly given the defendant written notice of plaintiff's rights in the '233 Patent and defendant's infringement of such Patent.

10. The '233 Patent was previously construed by this Court in *Edward Van Romer and Basic Concepts, Inc. v. Interstate Products, Inc.,* Civil Action No. 6:06-2867-HFF, in which action the '233 Patent was found to be valid and infringed.

11. The defendant ENPAC manufactures, causes to be manufactured, offers for sale and/or sells spill containment devices that infringe the '233 Patent, either literally or under the doctrine of equivalents. Such infringing devices include, but are not limited to the defendant's "Stinger Yellow Jacket," "Stinger Snap-Up" and "Stinger Snap-Foam" containment devices, such infringing products being referred to herein as the "Infringing Products." The Infringing Products include each and every limitation of at least independent Claim 1 and dependent claims 2, 3, 4, 7, 8 and 9 of the '233 Patent, either literally or under the doctrine of equivalents. By way of summary only with respect to Claim 1, the Infringing Products are spill containments, foldable for transportation and storage, comprising:

    (a)    a foldable ground sheeting having a floor section;

    (b)    a foldable, generally upstanding retaining wall integrally connected to the floor section;

    (c)    said retaining wall having a generally upstanding configuration for containing spilled material in cooperation with the floor section;

    (d)    a plurality of foldable side braces connected to the wall sheeting;

    (e)    said braces having a bracing position for maintaining the wall in an upstanding position;

    (f)    said braces including a generally vertical rigid leg carried by the retaining wall, a generally horizontal leg generally parallel to the ground sheeting in the bracing position, an inclined rigid leg extending between the upper portion of the

1403713

retaining wall and the horizontal leg when in the upstanding configuration, and a hinge at the intersection of the inclined leg and horizontal leg which allows said legs to pivot relative to one another;

(g)     a brace fixture affixing the hinge at a fixed distance from the retaining wall when the brace is in the bracing position and the retaining wall is in an upstanding position to contain spilled material.

12.     Defendant's infringing activities will continue unless and until enjoined by this Court.

13.     Defendant's infringement of the '233 Patent has damaged and continues to damage the plaintiff, in the form of lost sales, lost profits, diminution of market potential and diminution in asset values. Such damages are immediate, irreparable, and not susceptible of adequate compensation through the award of monetary damages.

14.     Plaintiff is entitled to collect damages from the defendant pursuant to 35 U.S.C. §284, together with its attorneys' fees pursuant to 35 U.S.C. §285.  Plaintiff is further entitled to a trebling of damages in view of defendant's willful and deliberate infringement, pursuant to 35 U.S.C. §284.

15.     Plaintiff is further entitled to an order of preliminary and permanent injunctive relief, preventing the defendant from continuing or undertaking further infringing activities throughout the remaining term of the '233 Patent.

WHEREFORE, having fully pled, plaintiff prays for an order of this Court:

1.     Granting plaintiff judgment on its First Cause of Action; and

2.     Preliminarily and permanently enjoining the defendant from continued infringement of the '233 Patent, pursuant to 35 U.S.C. §283; and

3. Assessing damages against the defendant pursuant to 35 U.S.C. §284, based on its infringement of the '233 Patent; and

4. Assessing interest, costs, and attorneys' fees against the defendant pursuant to 35 U.S.C. §285; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Natalma M. McKnew
Natalma M. McKnew, Fed. ID #186
Smith Moore Leatherwood LLP
2 West Washington Street, Suite 1100 (29601)
P.O. Box 87
Greenville, SC 29602
Telephone:  (864) 751-7600
Facsimile:   (864) 751-7800
Email:  tami.mcknew@smithmoorelaw.com

Dated:  February 9, 2015

Attorneys for Plaintiff Basic Concepts, Inc.

5

1403713